## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RASHID MITCHAM,             )
                                  )
          Plaintiff,      )
                                  )     Case No. CIV-25-226-SLP
v.                            )
                                  )
CARBON FARMS AND RETREAT, LLC,  )
et al.,                       )
                                  )
          Defendants.   )

## O R D E R

This action was opened in this Court on February 20, 2025, upon the filing of a journal entry from The Court of Common Pleas in Cuyahoga County, State of Ohio. *See* [Doc. No. 1]. That journal entry, dated February 10, 2025, states that Plaintiff Rashid Mitcham's action in Ohio state court "is transferred to the U.S. District Court for the Western District of Oklahoma." The journal entry is accompanied by numerous documents from the Ohio action. *See* [Doc. No. 1-1].

Upon review, it appears Plaintiff filed the Ohio state court action, pro se, in May 2024. The case involves a claim for breach of contract surrounding investment in a marijuana business. [Doc. No. 1-1] at 11-12. The Ohio Court initially dismissed the action for lack of jurisdiction because the contract had a forum selection clause providing courts in Oklahoma would decide any contract dispute. *Id.* at 331. Plaintiff subsequently filed two motions requesting that the Ohio Court transfer the action to the District Court of Oklahoma County, State of Oklahoma. *Id.* at 333, 336. The Ohio Court reopened the case and stayed it for sixty-days to allow Plaintiff to file an action in Oklahoma, stating it would

dismiss the action if he failed to do so. *Id.* at 337. Instead of filing in Oklahoma, Plaintiff filed another motion to transfer, that time asking to transfer the action to this Court. *See id.* at 344. The journal entry granting that motion is the above-refenced document that comprises the initial filing in this action. *See* [Doc. No. 1].

The transfer of this action from state to federal court was procedurally improper. The transfer provision applicable in federal court, 28 U.S.C. § 1404, only permits transfer among federal district courts—it affords no authority for a state court to transfer an action to a federal district court. *See Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 (10th Cir. 2019) ("Section 1404(a) authorizes a federal district court to transfer a case on its docket to another federal district court; this section does not allow a state court to transfer a case to federal court.").[1] Accordingly, while Plaintiff was free to commence an action in this Court or Oklahoma State Court, there is no authority that permitted transfer of this action from state court to this Court. *See id.* at 439 ("a plaintiff can't transfer . . . a case to federal court after suing in state court.").

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously

---

[1] Nor does Ohio's transfer rule provide for transfer to a federal district court. *See* Ohio Civ. R. 3(E) (where a court determines there is no proper forum within Ohio, but there is a proper forum elsewhere, "the court shall stay the action upon condition that all defendants consent to the jurisdiction, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in that forum in another jurisdiction which the court deems to be the proper forum. If all defendants agree to the conditions, the court shall not dismiss the action, but the action shall be stayed until the court receives notice by affidavit that plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying the original action. If the plaintiff fails to recommence the action in the out-of-state forum within the sixty day period, the court shall dismiss the action without prejudice.").

herewith.[2]

IT IS SO ORDERED this 14th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff filed a "Motion Requesting Permission to E-File." [Doc. No. 2]. In light of the Court's dismissal, that Motion is DENIED as MOOT.